# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COPPERFIELD LICENSING LLC,<br><br>          Plaintiff,<br><br>  v.<br><br>BRUKER CORPORATION,<br><br>          Defendant. | Case No.<br><br>Patent Case<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Copperfield Licensing LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 7548 Preston Rd, Ste. 141 PMB 1096, Frisco, TX 75034.

2. Defendant Bruker Corporation ("Defendant") is a corporation organized under the laws of the State of Delaware. Defendant may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has general and specific personal jurisdiction over Defendant, consistent with due process at least because it is incorporated in the State of Delaware.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant is incorporated in the State of Delaware.

## FACTUAL BACKGROUND

**U.S. Patent No. 6,844,262**

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,844,262, entitled "CMP Process" ("the '262 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7. A true and correct copy of the '262 patent is attached hereto as Exhibit A. The '262 patent is incorporated herein by reference.

8. The application that became the '262 patent was filed on August 31, 2001.

9. The '262 patent issued on January 18, 2005, after a full and fair examination by the USPTO.

10. The '262 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '262 patent were not well-understood, routine, or conventional when the application that became the '262 patent was filed.

12. The claims of the '262 patent, including claim 13, are directed to technical solutions to technical problems involved in semiconductor structure manufacturing, including technical solutions relating to technical challenges involved in chemical mechanical polishing.

## COUNT I – INFRINGEMENT OF THE '262 PATENT

13. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

14. Defendant has been and is now making, using, selling, offering for sale, and/or importing products and/or services that incorporate one or more of the inventions claimed in the '262 patent.

15. For example, Defendant infringes at least claim 13 of the '262 patent, either literally or under the doctrine of equivalents, in connection with Defendant's TriboLab CMP, as detailed in the preliminary claim chart attached hereto as Exhibit B and incorporated herein by reference.

16. Defendant's infringing activities are and have been without authority or license under the '262 patent.

17. Plaintiff has been damaged by Defendant's infringement of the '262 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '262 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

C. Pre-judgment and post-judgment interest on the damages assessed, and

D. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

E.    Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

Dated: September 30, 2021        Respectfully submitted

CHONG LAW FIRM P.A.

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

Cortney S. Alexander
(pro hac vice application to be submitted)
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff